# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50269
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 9, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROLANDO ANTONIO ESCAMILLA-ROMERO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:15-CR-596-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Rolando Antonio Escamilla-Romero appeals the within-guidelines, 57-month sentence imposed for his guilty-plea conviction for illegal reentry. He contends that his sentence is substantively unreasonable and greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a).

We review the substantive reasonableness of the sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Escamilla-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50269

Romero's arguments fail to rebut the presumption of reasonableness that we apply to his within-guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). The district court, which was "in a superior position to find facts and judge their import under § 3553(a)," was aware of Escamilla-Romero's mitigating contentions, but it imposed a sentence within the guidelines range. *Campos-Maldonado*, 531 F.3d at 339. We have rejected the argument that U.S.S.G. § 2L1.2's double-counting of a prior conviction in the calculation of a defendant's offense level and criminal history score necessarily renders a sentence unreasonable. *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). We have also rejected challenges based on substantive reasonableness grounded in alleged lack of seriousness of illegal reentry. *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Finally, as Escamilla-Romero concedes, his argument that the presumption of reasonableness should not be applied to his sentence because § 2L1.2 lacks an empirical basis is foreclosed. *See Duarte*, 569 F.3d at 530-31; *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.